## BURTON *et al. v.* O'NEILL MANUFACTURING COMPANY.

ATKINSON, J. 1. Fairly construed, the contract involved in this case was entire, and for the sale of land at a stipulated price in money and upon the condition that the timber thereon be sawed into lumber and delivered by the vendee to the vendor at a stipulated price.

2. Such contract being in writing and unambiguous, it was not competent by parol evidence to vary the terms thereof by showing that the provisions of the contract for the manufacture and sale of lumber were only as security for the payment of the money specified to be paid for the land.

3. In an equitable petition praying for an injunction, it is not essential to the grant of the injunction upon the ground of irreparable damage that there should be in terms an allegation that the damage would be irreparable, if the averments of the petition, taken as a whole, are such as to demonstrate that such would be the result of the conduct complained of in the petition. *Huxford* v. *Southern Pine Co.,* 124 Ga. 181.

4. The contract shows in the vendor such interest in the timber as would support an action for a misappropriation thereof. There being sufficient pleadings and evidence to authorize the trial judge to hold that the timber was being disposed of by the vendee contrary to the provisions of the contract, and to the irreparable injury of the plaintiff, it was not erroneous for him to interfere by injunction.

*Judgment affirmed. All the Justices concur.*

Argued November 5,—Decided November 16, 1906.

Injunction.    Before Judge Wright.    Floyd superior court.
September 7, 1906.

*M. B. Eubanks,* for plaintiffs in error.

*Denny & Harris* and *Dean & Dean,* contra.